IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YOUSEF BALOCH, TDCJ #2059389, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-17-0670 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

# MEMORANDUM AND ORDER

The petitioner, Yousef Baloch (TDCJ #2059389), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Baloch has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge the result of a prison disciplinary conviction. The respondent has filed an answer, arguing that Baloch is not entitled to habeas corpus relief [Doc. # 5]. After reviewing all of the pleadings and the applicable law, the Court concludes that this case must be **dismissed** for reasons set forth below.

**I.    BACKGROUND**

Baloch is presently serving a five-year prison sentence that he received on April 1, 2016, as the result of convictions for injury to a child under 15 and compelling

prostitution in Harris County cause numbers 144896101010 and 146566301010.[1] While serving that sentence at the Wynne Unit in Huntsville, Baloch was charged in TDCJ Disciplinary Case No. 20170019055 with destroying state property by damaging a light fixture in his cell.[2] After a disciplinary hearing on September 26, 2016, Baloch was found guilty as charged.[3] As punishment, Baloch forfeited 30 days of previously earned credit for good conduct (*i.e.*, "good-time") and he also lost certain privileges (commissary, recreation, telephone) for 45 days.[4] In addition, Baloch was required to pay $32.65 for the damage that he caused.[5] Baloch filed a Step 1 and Step 2 grievance to challenge the conviction, but his appeal was unsuccessful.[6]

Baloch now seeks federal habeas corpus relief from his disciplinary conviction. Baloch claims that: (1) the charged offense was committed by his cellmate, who Baloch describes as a "drug dealer" with substantial influence at the Wynne Unit; (2) the disciplinary charges were filed against him in retaliation for a grievance that he

---

[1] Petition [Doc. # 1], at 2, 5.

[2] TDCJ Disciplinary Report and Hearing Record [Doc. # 1-1], at 1.

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] Grievance #2017020306 (Step 1 and Step 2) [Doc. # 1-2], at 3-6.

filed about his cellmate; (3) he was denied effective assistance of counsel because he was not advised of his right to confront and cross-examine witnesses; and (4) he was not afforded sufficient "corrective process" to present his claims at the state level.[7] For reasons set forth below, the Court finds that Baloch fails to state an actionable claim for habeas corpus relief under the legal standard that governs disciplinary proceedings in the prison context.

## II.   PRISON DISCIPLINARY PROCEEDINGS

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). A Texas prisoner can demonstrate a constitutional violation in the prison disciplinary context only if he first satisfies the following criteria: (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000) (explaining that only those

---

[7]   Petition [Doc. # 1], at 5-7; Supplement [Doc. # 1-1] at 1-2.

Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good-time credit).

Baloch cannot demonstrate the violation of a constitutionally protected liberty interest in this instance. Although Baloch lost good-time credit as the result of the challenged disciplinary conviction, he concedes that he is not eligible for mandatory supervision.[8] Absent eligibility for mandatory supervision, Baloch had no liberty interest the good-time credits that were forfeited as the result of his disciplinary conviction. *See Malchi*, 211 F.3d at 957-58. As a result, he cannot show that he is entitled to relief from that sanction.

Although the disciplinary conviction at issue also resulted in restrictions on his commissary, recreation, and telephone privileges, the Fifth Circuit has recognized that sanctions such as these, which are "merely changes in the conditions of [an inmate's] confinement," do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *see also Malchi*, 211 F.3d at 958 ("thirty-day loss of commissary privileges and cell restriction do not implicate due process concerns"). Therefore, Baloch does not state a claim for relief from the loss of privileges that he forfeited as the result of his disciplinary conviction.

---

[8] Petition [Doc. # 1], at 5.

To the extent that Baloch was forced to pay a monetary sanction of $32.65, a prisoner has a due process property interest in the funds in his inmate trust fund account. *See Rosin v. Thaler*, 417 F. App'x 432, 434 (5th Cir. 2011) (citing *Eubanks v. McCotter*, 802 F.2d 790, 92-94 (5th Cir. 1986); *Brewer v. Collins*, 857 S.W.2d 819, 823 (Tex. App. – Houston [1st Dist.] 1993)). Because a monetary sanction does not affect the fact or duration of confinement, however, claims challenging this type of a penalty are not actionable on federal habeas review. *See Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973); *Cook v. Texas Dep't of Crim. Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994); *Gant v. Dretke*, No. 5:04-cv-299, 2004 WL 2937223, at *2-3 (N.D. Tex. Dec. 16, 2004). Instead, any claim that forfeiture of funds infringed on a property interest is actionable, if at all, in a suit under 42 U.S.C. § 1983.[9] *See Lacy v. Thaler*, 497 F. App'x 411, 411, 2012 WL 5914261, at *1 (5th Cir. 2012) (per curiam). Under these circumstances, Baloch does not demonstrate that he has a valid claim for federal habeas corpus relief. Accordingly, his petition will be dismissed for failure to state a claim.

---

[9] Because civil rights actions by prison inmates are governed by restrictions found in the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. § 1915(b), which requires payment of a $350.00 filing fee in full, the Court will dismiss the claims concerning the petitioner's monetary sanction without prejudice to filing a separate lawsuit under 42 U.S.C. § 1983, should the petitioner wish to pursue relief in that context.

## III. CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2254 Cases now requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A certificate of appealability is required before an appeal may proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find the assessment of the constitutional claims debatable or wrong. Therefore, a certificate of appealability will not issue in this case.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The habeas corpus petition filed by state inmate Yousef Baloch is **DENIED**, and this case is **DISMISSED** with prejudice for failure to state a claim upon which federal habeas corpus relief may be granted.

2. Baloch's claims concerning the forfeiture of $32.65 from his inmate trust account are **DISMISSED** without prejudice to consideration in a separate lawsuit filed under 42 U.S.C. § 1983.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on <u>March 9</u>, 2018.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE